IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No.  05-cv-01199-LTB

DONALD SUNDGREN,

        Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

        Defendant.

_____

ORDER
_____

This matter is before me on a Petition for Attorney Fees Under Equal Access to Justice Act ("EAJA")  **[Doc #18]** filed by Plaintiff, Donald Sundgren, following my order reversing and remanding the Social Security Administration ("SSA") Commissioner's final decision on Plaintiff's application for disability insurance benefits.  I deny the Petition for the following reasons.

I.  BACKGROUND

Plaintiff sought judicial review with this court of the SSA Commissioner's final decision denying his application for disability insurance benefits filed pursuant to 42 U.S.C. §§ 401-433. After consideration of the parties' briefing and the administrative record, I entered an order on May 2, 2006, in which I reversed and remanded the SSA Commissioner's final decision.  In that order I concluded that the Administrative Law Judge (ALJ) erred when determining that Plaintiff's impairments did not prevent him performing his past relevant work as a laundromat

operator/manager, as the job is generally performed throughout the national economy, at Step Four of the sequential evaluation process used to determine whether a claimant is disabled. Specifically, I concluded that there was insufficient record evidence to support the ALJ's determination because "neither the ALJ nor [the] VE investigated the skills actually acquired by Plaintiff" or the applicability of his skills to the job description at issue. *Chavez v. Barnhart,* 298 F.Supp.2d 1207, 1220 (D. Kan. 2004)(*citing Dikeman v. Halter*, 245 F.3d 1182, 1185 (10th Cir. 2001) ("[n]either an occupational title by itself nor a skeleton description [of a job] is sufficient to document the claimant's acquisition of skills "). As a result, I reversed the SSA Commissioner's final decision and remanded the matter for additional proceedings. On remand I instructed the ALJ to: "make more specific findings regarding the duties and skills involved in Plaintiff's past work; develop a detailed record on the skills required of a laundromat manager/operator as that job is normally performed in the national economy; and, based on those findings, the ALJ should evaluate whether Plaintiff can perform that type of work." Judgment subsequently entered on May 4, 2006. Plaintiff now seeks an award of attorney fees pursuant to the EAJA, 28 U.S.C. § 2412.

## II. LAW

The EAJA provides for an award of attorney fees to a prevailing party, other than the United States, in a civil action brought by or against the United States, unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). The substantial justification test is one of reasonableness in law and fact; a position is substantially justified if it is "justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487

U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).  A "position can be justified even though it is not correct, and ... it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct."  *Id.* at 566, FN.2

The reasonableness test breaks down into three parts.  The government bears the burden to show that:  1) there is a reasonable basis for the facts alleged; 2) there exists a reasonable basis in law for the theory it propounds; and 3) the facts alleged will reasonably support the legal theory advanced.  *Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988).  "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."  28 U.S.C. §2412(d)(1)(B); *see also Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

"[T]he EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items."  *Commissioner, Immigration & Naturalization Serv. v. Jean,* 496 U.S. 154, 161-62, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).  Thus, I must look at the totality of circumstances to determine whether the government acted reasonably in taking a stance during the litigation.  *Roanoke River Basin Ass'n v. Hudson,* 991 F.2d 132, 138 (4th Cir. 1993).

## III.  UNDERLYING RULINGS

The ALJ determined that Plaintiff was not disabled – which became the SSA Commissioner's final decision – on the basis that he retained the residual functional capacity to perform a range of light to sedentary work, with numerous additional restrictions, and that his past work as a "laundromat manager/operator (DOT 369.167-010)," as it is generally performed in the national economy, did not require the performance of work-related activities precluded by his

3

limitations. When seeking review of the decision with this court, Plaintiff challenged the ALJ's ruling on several grounds. Plaintiff first challenged the ALJ's determination of his residual functional capacity on the basis that the ALJ did not adequately evaluate both his physical and mental limitations. Plaintiff also argued that the ALJ's credibility findings were not supported by substantial evidence in that the ALJ misconstrued the applicable evidence. I rejected all of Plaintiff's challenges to the ALJ's determination of his residual functional capacity.

However, I further concluded that although the record supports that ALJ's conclusion that Plaintiff could perform the exertional requirements of the position of laundromat manager, as it is generally performed pursuant to DOT 369.167-010, there was insufficient evidence in the record related to Plaintiff's ability to perform the skill level of the job. In making this ruling, I found that DOT 369.167-010 defines the position as a skilled job that has a specific vocational preparation (SVP) of 6, with a level 4 reasoning and level 5 language and math. When asked what kind of skills were developed by Plaintiff from his past work at a laundromat, a vocational expert ( VE) testified at the hearing that the skills developed would be limited to "basic maintenance and repair of coin operated machines." When subsequently asked as if those skills would transfer to jobs in the semi-skilled range and SVP 3 or 4 level jobs, the VE responded in the negative. As a result, I remanded for the ALJ to make specific findings as to whether Plaintiff's past work duties at the laundromat would enable him to perform the skill level a laundromat manager, as it is customarily performed in the national economy, as set forth in DOT 369.167-010.

## IV. ANALYSIS

The parties agree that the question at issue is whether the Commissioner's litigation position on appeal was substantially justified – to a degree that could satisfy a reasonable person –

barring an award of attorney fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A).

The Commissioner's litigation position on the remanded issue was, in essence, that although the VE's testimony was unclear or inconsistent, there was adequate evidence to support the ALJ's determination. First, although the VE testified that Plaintiff had only acquired the skills of "basic maintenance and repair of coin operated machines" in his past work at a laundromat, and that such skills were not transferable to semi-skilled jobs, the VE also testified that Plaintiff's past work as a laundromat manager was skilled with a SVP level 6. Furthermore, when presented with a hypothetical person who had the same vocational factors and functional limitations as Plaintiff, the VE testified that the hypothetical individual could perform work as a laundromat manager as it is customarily performed in the national economy. As a result, it was the Commissioner's position that there was adequate evidence in the record to support the ALJ's finding that Plaintiff was able to perform the job of laundromat manager, as that job is generally or customarily performed in the national economy.

I generally agree with Plaintiff's primary contention that the ALJ erred when he failed to fully "develop the evidence" regarding the issue of Plaintiff's skills and applicability to the laundromat manager job as it is generally performed. The insufficiency of the evidence to support the ALJ's finding here was the reason for the remand. However, I disagree that this error and the resulting lack of evidence mandates a conclusion that the Commissioner's litigation position was not justified. *See generally Hadden v. Bowen,* 851 F.2d 1266, 1269 (10th Cir. 1988)("lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified).

To the contrary, I conclude that the Commissioner has met her burden to establish that her

litigation position in this matter was sufficiently reasonable to avoid an EAJA attorney fees award in favor of Plaintiff. I first note that my remand was done on very limited grounds. I was unconvinced and rejected three of the four claims of error asserted by Plaintiff. The reason I remanded the case for additional consideration was solely based on insufficiency of the evidence related to Plaintiff's skills to perform the job.

The VE did testify that her review of the record and Plaintiff's testimony revealed that the occupationally significant characteristics of Plaintiff's past work included laundromat manager, which "is skilled with an SVP of 6, sedentary per the DOT." [Administrative Record Page 596] This evidence might have been sufficient, in and of itself, to support the ALJ's finding that Plaintiff was able to perform the position as it is customarily performed. However, it is the lack of supporting evidence and seemingly subsequent contradictory evidence as to Plaintiff's ability to perform the skills necessary for the laundromat manager job that required additional specific finding pursuant to my remand. This is not a case in which the ALJ applied the wrong standard or where the record lacked any evidence in support of the ALJ's findings; rather, the error was merely that the order did not demonstrate that the ALJ considered the evidence related to Plaintiff's ability to perform the skills of the laundromat manager job as it is generally performed. As a result, I remanded the matter for the limited purpose of clarification and further analysis of the evidence.

Therefore, when looking at the totality of circumstances of this case, I conclude that the Commissioner's litigation position on appeal was substantially justified and, as such, precludes an award of attorney fees in favor of Plaintiff under the EAJA.

Accordingly, it is ORDERED that Plaintiff's Petition for Attorney Fees Under Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) **[Doc. #18]**, is DENIED.

Dated: September   7  , 2006 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE